# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**BOBBY EARL WILSON (# 52274)**                                        **PLAINTIFF**

**v.**                                        **No. 4:07CV7-M-A**

**LEE SIMON, ET AL.**                                                **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Bobby Earl Wilson, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, this case shall be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

The plaintiff alleges that the Mississippi Supreme Court denied his petition for rehearing in his criminal case on August 17, 2006, leaving ninety days for the plaintiff to seek *certiorari* review in the United States Supreme Court. The deadline for filing a petition for a writ of *certiorari* was November 15, 2006. On October 27, 2006, seventy-one days after the Mississippi Supreme Court denied his petition for rehearing, the plaintiff received two rule violations for throwing scalding liquid on a prison guard (Don McGee) and another inmate (Charles Ross). On that day, pursuant to Mississippi Department of Corrections procedure, all of the plaintiff's belongings were removed from his cell. Prison officials returned most of the plaintiff's belongings on October 31, 2006, but some of his legal materials were missing. The plaintiff was moved to another cell that same day. The plaintiff requested the remainder of his legal materials

from three Mississippi Department of Corrections staff members: Lee Simon, Jackie Jones, and Captain Porter. The plaintiff's legal materials were not returned to him, and the deadline for filing a writ of *certiorari* with the United States Supreme Court expired.

## Discussion

The plaintiff believes that the defendants refused to give him his legal materials in retaliation for his October 27,2 006, scalding of Officer Don McGee and inmate Charles Ross. The plaintiff also suggests, without making a clear statement of the claim, that he was temporarily housed on death row in retaliation for the attack on McGee and Ross. Finally, the plaintiff claims that the actions of the defendants in stripping his cell of his property denied him access to the courts. None of these claims has merit, and this case shall be dismissed.

## Retaliation

The elements of a claim under a retaliation theory are the plaintiff's invocation of "a specific constitutional right," the defendant's intent to retaliate against the plaintiff for his or her exercise of that right, a retaliatory adverse act, and causation, *i.e.*, "but for the retaliatory motive the complained of incident . . . would not have occurred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir.1995) (citations omitted ), *cert. denied*, 516 U.S. 1084, 116 S. Ct. 800, 133 L. Ed. 2d 747 (1996). In this case, the plaintiff must prove that he engaged in constitutionally protected activity, faced a consequence of movement from his cell and confiscation of his legal documents, and that such action was taken "in an effort to chill [his] access to the courts or to punish [him]for having brought suit." *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1296 (5th Cir.), *cert. denied*, 513 U.S. 926, 115 S. Ct. 312, 130 L. Ed. 2d 275 (1994); *see also Serio v. Members of Louisiana State Board of Pardons*, 821 F.2d 1112, 1114 (5th Cir.1987). The relevant showing in

such cases must be more than the prisoner's "personal belief that he is the victim of retaliation." *Edwards*, 51 F.3d at 580. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). The plaintiff cannot meet even the first element of this claim, as he has no constitutional right to throw scalding liquid on guards or prisoners. As such, prison officials have the right to punish the plaintiff for such a serious infraction; indeed, they have a duty to do so to maintain order and discipline in the prison – and for the protection of the staff and inmates. For these reasons the plaintiff's claim of retaliation must be dismissed.

## Denial of Access to the Courts

Under the Supreme Court's decision in *Bounds v. Smith*, 430 U.S. 817, 821 (1977), prisoners possess a constitutional right of access to courts, including having the "ability . . . to prepare and transmit a necessary legal document to court." *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) (quoting *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993), *cert. denied*, 510 U.S. 1123 (1994)). The right of access to the courts is limited to allow prisoners opportunity to file nonfrivolous claims challenging their convictions or conditions of confinement. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). "Interference with a prisoner's right to access to the courts, such as delay, may result in a constitutional deprivation." *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999) (citations omitted). However, "[a] denial-of-access-to-the-courts claim is not valid if a litigant's position is not prejudiced by the alleged violation." *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998); *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir. 1992), *cert. denied,* 504 U.S. 988 (1992) (citing *Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir. 1988)). Only when a prisoner suffers some sort of actual prejudice or detriment because of the alleged denial of access to the courts does the allegation become one of a

constitutional nature. *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993); *see Howland v. Kilquist*, 833 F.2d 639, 642 (7th Cir. 1987). A plaintiff must show real detriment, *i.e.*, true denial of access, such as the loss of a motion, the loss of a right to commence, prosecute or appeal in a court, or substantial delay in obtaining a judicial determination in a proceeding. *Oaks v. Wainwright*, 430 F.2d 241 (5th Cir. 1970).

Based upon the allegations in the complaint, the plaintiff took no action in filing a writ of *certiorari* with the United States Supreme Court for seventy-one days, leaving him only nineteen days to file his petition. Then he threw scalding liquid on a prison staff member and a prisoner at the Mississippi State Penitentiary. As an initial measure of discipline, all of his possessions were confiscated, but most were returned to him four days later. Missing were some of the plaintiff's legal materials, although the plaintiff has not alleged which materials were missing or how those materials were necessary to the preparation of his *certiorari* petition. The plaintiff requested his remaining legal materials and did not receive them. He did not, however, request an extension in the United States Supreme Court to file his petition. Nor did he file a petition using the materials he had on hand in order to meet his deadline. Indeed, he apparently took no action other than to request the return of his materials.

The court finds that the delays in filing of the plaintiff's petition for a writ of *certiorari* are attributable to the plaintiff himself. It was the plaintiff's decision not to work on his petition for the first seventy-one of his allotted ninety days. It was also his decision to scald a prison guard and a fellow inmate with boiling liquid – and to face the inevitable stripping of his cell – a sanction nearly automatic at the Mississippi State Penitentiary to gain the compliance of dangerous and unruly inmates. Finally, it was the plaintiff's decision not to take action to file his

petition or seek to extend the deadline to do so after most of his belongings were returned to him. The plaintiff's claim that he was denied access to the courts is therefore without merit and shall be dismissed.

In sum, all of the plaintiff's claims are without merit, and this case shall be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 6th day of February, 2007.

                                         **/s/ Michael P. Mills**
                                         **UNITED STATES DISTRICT JUDGE**